IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> KOONTZ-WAGNER CUSTOM § <br> CONTROL HOLDINGS LLC, § <br> § <br> Debtor. § <br> _____ § <br> RODNEY D. TOW, CHAPTER 7 § <br> TRUSTEE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HOUSTON PERSONNEL SERVICE, INC. § <br> d/b/a EXPRESS EMPLOYMENT § <br> PROFESSIONALS, § <br> § <br> Defendant. § | Case No. 18-33815 <br><br> Chapter 7 <br><br><br><br><br> Adversary Case 20-03271 |

**ORIGINAL ANSWER OF HOUSTON PERSONNEL SERVICE, INC. D/B/A EXPRESS EMPLOYMENT PROFESSIONALS TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Houston Personnel Service, Inc. d/b/a Express Employment Professionals ("**Houston Express**") files its *Original Answer and Affirmative Defenses* (the "**Answer**") to the *Trustee's First Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. Complaint §§ 547 and 550, and for Other Relief* (the "**Complaint**") filed by Rodney D. Tow, in his capacity as chapter 7 trustee for the chapter 7 bankruptcy estate of Koontz-Wagner Custom Control Holdings, LLC ("**Plaintiff**" or "**Debtor**"), and in response states as follows:

**JURISDICTION AND VENUE**

1. Houston Express admits each allegation contained in Paragraph 1 of the Complaint, although it denies that Plaintiff is entitled to any relief sought.

2. Houston Express admits the allegation contained in Paragraph 2 of the Complaint that this is a "core" proceeding and that this Court may enter final orders, although it again denies that Plaintiff is entitled to any relief sought.

3. Houston Express admits each allegation contained in Paragraph 3 of the Complaint, although it again denies that Plaintiff is entitled to any relief sought.

4. Houston Express consents to entry of a final judgment by this Court, although it again denies that Plaintiff is entitled to any relief sought.

## NATURE OF THE ACTION

5. Plaintiff alleges legal conclusions and cites various statutory provisions in Paragraph 5 of the Complaint for which no response is required, although to the extent factual allegations may be construed to have been made, Houston Express hereby denies each and every allegation that may be contained in Paragraph 5.

## THE PARTIES

6. Houston Express admits the allegation contained in Paragraph 6 of the Complaint.

7. Houston Express admits the allegation contained in Paragraph 7 of the Complaint.

8. Houston Express admits the allegation contained in Paragraph 8 of the Complaint.

9. Houston Express admits the allegation contained in Paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10. Houston Express admits the allegation contained in Paragraph 10 of the Complaint.

11. Houston Express admits the allegation contained in Paragraph 11 of the Complaint.

12. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the first sentence contained in Paragraph 12 of the Complaint, and therefore neither admits nor denies same and now hereby demands strict proof. Houston Express admits that

Helping People Succeed, Inc. d/b/a Express Employment Professionals is a franchisee of Express Employment Professionals.

13. Houston Express admits the allegation contained in Paragraph 13 of the Complaint.

14. Houston Express admits the allegation in the first sentence of Paragraph 14 that the Original Complaint, as defined in the Complaint, and the Complaint incorporate identical payments, but denies that the Original Complaint describes the same transaction because the Complaint provides a defense of New Value to the Defendant, which was not provided in the Original Complaint. Further, Houston Express denies the second sentence contained in Paragraph 14 of the Complaint.

## COUNT ONE
### Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547

15. Houston Express adopts and incorporates Paragraphs 1-14 of its Answer as its Answers to the allegations asserted in Count One of the Complaint as if set forth fully herein.

16. Houston Express admits that it received payments from the Debtor in the amount of $543,381.34, but Houston Express denies the remaining allegations in Paragraph 16 of the Complaint.

17. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint, and therefore neither admits nor denies same and now hereby demands strict proof.

18. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, and therefore neither admits nor denies same and now hereby demands strict proof.

19. Houston Express admits that it received payments from the Debtor in the amount of $543,381.34, but Houston Express denies the remaining allegations in Paragraph 19 of the Complaint.

20. Houston Express admits that it was a creditor of the Debtor at the time that it received the payments in the amount of $543,381.34, but Houston Express denies the remaining allegations in Paragraph 20 of the Complaint.

21. Houston Express admits the payments it received from the Debtor in the amount of $543,381.34 were on account of a debt, but denies the remaining allegations in Paragraph 21 of the Complaint.

22. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, and therefore neither admits nor denies same and now hereby demands strict proof.

23. Paragraph 23 asserts legal conclusions for which no response is required, though Houston Express denies each and every fact allegation that may be contained in Paragraph 23 of the Complaint.

24. Houston Express admits that the Transfers as listed on Exhibit A of the Complaint appear to be made during the Preference Period, as defined in the Complaint, but denies the remaining allegations in Paragraph 24 of the Complaint

25. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, and therefore neither admits nor denies same and now hereby demands strict proof.

26. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the first sentence contained in Paragraph 26 of the Complaint, and therefore

neither admits nor denies same and now hereby demands strict proof. Houston Express admits that it has a new value defense, but has insufficient knowledge upon which to form a belief as to the truth of falsity of the second sentence in Paragraph 26 of the Complaint and demands strict proof. Houston Express has insufficient knowledge upon which to form a belief as to the truth or falsity of the third sentence contained in Paragraph 26 of the Complaint, and therefore neither admits nor denies same and now hereby demands strict proof.

27. Houston Express denies the allegation contained in Paragraph 27 of the Complaint and demands strict proof.

## COUNT TWO
### Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550

28. Houston Express adopts and incorporates Paragraphs 1-27 of its Answer as its Answers to the allegations asserted in Count Two of the Complaint as if set forth fully herein.

29. Houston Express denies each allegation contained in Paragraph 29 of the Complaint and demands strict proof.

30. Paragraph 30 asserts legal conclusions for which no response is required, though Houston Express denies each and every fact allegation that may be contained in Paragraph 30 of the Complaint and denies that the Plaintiff is entitled to any relief under the Complaint.

## COUNT THREE
### Disallowing, Barring, and Expunging the Defendant's Claims Pursuant to 11 U.S.C. § 502

31. Houston Express adopts and incorporates its Answer in Paragraphs 1-30 to the Complaint as its Answers to the allegations asserted in Count Three as if set forth fully herein.

32. Houston Express denies each allegation contained in Paragraph 32 of the Complaint.

33. Houston Express admits that the Complaint demands repayment of Avoidable Preferences, as defined in the Complaint, but Houston Express denies the other allegations

contained in Paragraph 33 of the Complaint and that the Plaintiff is entitled to any relief under the Complaint.

34. Paragraph 34 of the Complaint asserts legal conclusions for which no response is required, though Houston Express denies each and every fact allegation that may be contained in Paragraph 34, and further denies that Houston Express' allowed claim must be reconsidered and disallowed, and demands strict proof.

35. Paragraph 35 asserts legal conclusions for which no response is required, though Houston Express denies each and every fact allegation that may be contained in Paragraph 35 of the Complaint, and further denies that the Plaintiff is entitled to any relief under the Complaint.

## **AFFIRMATIVE DEFENSES**

A. The Complaint is barred by § 547(c)(1) of the Bankruptcy Code in that, upon information and belief, the challenged transfers were intended to constitute at the time they were made a contemporaneous exchange for new value given to the Debtors by Houston Express, and in fact, constituted substantially contemporaneous exchanges.

B. The Complaint is barred by § 547(c)(2) of the Bankruptcy Code in that, upon information and belief, the challenged transfers were made in the ordinary course of business between the Debtors and Houston Express, and were made according to ordinary business terms.

C. The Complaint is barred by § 547(c)(4) of the Bankruptcy Code in that, upon information and belief, Houston Express provided the Debtors with subsequent new value after the challenged transfers.

D. The Defendant was acting as a conduit for a portion of the $543,381.34 received from the Debtor and to that extent is not liable to the Debtor pursuant to § 550(a) of the Bankruptcy Code.

E.      Plaintiff is not entitled to prejudgment interest, costs or to further relief beyond its allegation of entitlement to monetary relief and avoidance (the merits of which claims are fully denied), and said claims for interest, costs and further relief should be stricken from the Complaint.

## REQUEST FOR RELIEF

**WHEREFORE**, Houston Personnel Service, Inc. d/b/a Express Employment Professionals prays that the Complaint be denied and dismissed, and prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint be dismissed with prejudice;

3. For attorneys' fees and costs ensued; and

4. For such other and further relief as this Court may deem just and proper.

Dated: December 18, 2020                    Respectfully submitted,

*/s/ Robert P. Franke*
Robert P. Franke (TX Bar No. 07371200)
Audrey L. Hornisher (TX Bar No. 24094369)
**Clark Hill Strasburger**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**COUNSEL FOR HOUSTON PERSONNEL SERVICE, INC. D/B/A EXPRESS EMPLOYMENT PROFESSIONALS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of December, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties and/or their counsel of record registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Robert P. Franke*
Robert P. Franke